On April 9, 1998, the Richland County Grand Jury indicted appellant, Robert Morgan, on one count of failure to appear on a personal recognizance bond in violation of R.C. 2937.29.
On June 17, 1998, appellant pied no contest to the charge. On November 2, 1998, appellant filed a motion to withdraw his plea. Approximately two hours after this filing, the trial court conducted a sentencing hearing. The trial court denied appellant's motion and sentenced appellant to three years in prison. Said sentence was incorporated into an entry filed November 10, 1998.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED DEFENDANT'S MOTION TO WITHDRAW "GUILTY" PLEA.
 I
Appellant claims the trial court erred in denying his motion to withdraw his no contest plea. At the very least, appellant argues the trial court should have afforded him an evidentiary hearing. We disagree.
Pursuant to Crim.R. 32.1, a motion to withdraw a plea of no contest "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Teofilo (March 3, 1995), Richland App. No. 94CA472, unreported, this court relied onState v. Peterseim (1980), 68 Ohio App.2d 211, to hold "[a]lthough the rule does not explicitly state the requirement for a hearing, we concur with the dicta of a sister appellate court that a full hearing on the motion, where a defendant is granted the opportunity to present any and all argument in support thereof, is implied." In Peterseim, the court upheld the denial of a motion to withdraw a presentence guilty plea. In so holding, the court looked to compliance with Crim.R. 11, the diligence of the defendant's attorneys, the opportunity for a full hearing including the opportunity to present any and all arguments in support of the motion, and the trial court's decision. Under the law as it exists, a denial of such a motion is reviewed under an abuse of discretion standard. State v. Xie
(1992), 62 Ohio St.3d 521. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We note a presentence motion to withdraw a plea should be freely given. Xie.
Although appellant does not dispute that the trial court complied with Crim.R. 11 and his attorneys were diligent, he argues he was not afforded a full and impartial hearing. Appellant argues the trial court clearly had its mind made up before conducting the sentencing hearing.
The trial court had two of appellant's cases before it, the case sub judice (Case No. 98CR241D) and a probation violation (Case No. 97CR530D). Appellant's motion to withdraw was filed just prior to the sentencing hearing. At the outset of the hearing, the following occurred:
 THE COURT: * * * In regard to the Motion to Withdraw Plea, I believe you had an opportunity to read the transcript of the plea hearing and I believe it was also a shock probation hearing.
 MR. FIFTHIAN: I received that a minute ago, Your Honor. I haven't had an opportunity to read it.
 THE COURT: Do you want to read it before we proceed on that?
MR. FIFTHIAN: I would like to.
* * *
(THEREUPON, a recess was taken from this case.)
November 2, 1998 T. at 2-3.
After concluding the hearing relative to the probation violation, the trial court at 9-10 engaged in the following dialogue with appellant's counsel:
 THE COURT: * * * I will proceed immediately to sentencing in Case 98-CR-241-D is your failure to appear for trial, the case back here that you've already plead guilty to. Mr. Fifthian, you filed a Motion to Withdraw the Plea. Did you want to say anything about that Motion? Your Motion is fairly short. It's three sentences long saying that the plea was not voluntarily and knowingly made. I ordered a transcript of the change of plea hearing and it looks to me like I fully advised him of his rights, he understood what was going on. I've given you a chance to read that. Is there anything else you wanted to offer by way of evidence on that issue?
 MR. FIFTHIAN: Your Honor, you did fully explain all of the rights. I'm not sure if my client understood. It was his contention that he had the same attorney there that caused his failure to appear.
 THE COURT: Okay. But he still understood the rights, the Court did go over that part. I am overruling the Motion.
We find this dialogue satisfies the requirements for a full and impartial hearing. Appellant's counsel was afforded the opportunity to present evidence and declined to do so.
Upon review, we find no abuse of discretion by the trial court when no other evidence was presented and the plea conformed to the dictates of Crim.R. 11.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
--------------------------
--------------------------
 -------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Richland County, Ohio is affirmed.
--------------------------
--------------------------
 -------------------------- JUDGES